IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-447-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v

2. **SAMUEL PAUL PROCTOR**

Defendant.

---

## UNOPPOSED MOTION FOR EVALUATION OF COMPETENCY UNDER § 4241(b)

---

The Defendant, Samuel Paul Proctor, ("Mr. Proctor"), by and through counsel, Scott Poland of Poland & Wheeler P.C., hereby moves this Court for an order for Mr. Proctor to be evaluated to determine whether he is mentally competent to proceed, as that term is defined in 18 U.S.C. § 4241. Mr. Proctor requests that the Court order that, unless impracticable, the evaluation should be conducted by local psychiatrist Karen V. Fukutaki, M.D., a previously qualified expert in the field of forensic psychiatry. The Government does not oppose this motion, including the request that Dr. Fukutaki be the competency evaluator. In support thereof, Mr. Proctor states:

I. Statement of relevant facts.

1. An Indictment was filed on September 27, 2018, charging Mr. Proctor with Possession of a Controlled Substance with Intent to Distribute, Count Two and Conspiracy to Distribute a Controlled Substance, Count Three. Mr. Proctor pled not guilty at Arraignment on October 24, 2018, and he was ordered detained. He is currently being held at the Jefferson County Detention Center. Defendant, Tranquility Ballenger's Unopposed Motion for Tolling of Speedy Trial and Extension of Time to File Motions (Doc. 40), was granted by the Court and the period from November 27, 2018 to February 25, 2019 was ordered excluded from the Speedy Trial Clock as to both Defendant Ballinger and Mr. Proctor. (Doc. 43) The Court than set a motions deadline for the defense of February 18, 2019 and responses by the Government of February 28, 2019. A five-day jury trial was set for March 18, 2019 at 8:30 a.m. and a Final Trial Preparation Conference on March 11, 2019 at 3:00 p.m. (Doc. 44)

2. Following Mr. Proctor's detention hearing, the Court entered the following findings of fact:

1

3.      "In making my findings of fact, I have taken judicial notice of the information set forth in the entire court file and I have considered the comments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violating 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), distribution of a controlled substance, and 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) and 846, conspiracy to distribute a controlled substance.

Second, according to the Pretrial Services Report, the defendant has used an alias name, date of birth and social security number, he has failed to appear on at least 15 occasions, he has pending drug charges as well as driving-related offenses, including vehicular eluding, he has had one term of probation revoked, a deferred sentence revoked, and warrants issued for failure to comply and for bond violations, and he has an extensive criminal history including nine felony convictions.

Third, the government proffered that in addition to the information contained in the Pretrial Services Report, the defendant's parole has been revoked three times: in 2007, 2009 and most recently on January 27, 2016.

After considering all of the factors set forth in the Bail Reform Act and the offense charged in this case, I find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant or the safety of the community. In support, of that finding, I note the factors listed above, as well as the lengthy sentence that could be imposed if the defendant is found guilty of the charged offense".  (Doc.25)

4.      On July 1, 2017, Mr. Proctor was involved in a serious motorcycle accident, unhelmeted, in which he sustained a front-end impact sending him over his handle bars and off of his motorcycle which was traveling approximately 50 miles per hour.

5.      Knowledge of the above-referenced accident was known to defense counsel at the time of the October 24, 2018 Detention hearing. The full extent of the damage to Mr. Proctor's brain had yet to be realized.

6.      Prior to and during the October 24th, Detention hearing, during undersigned counsel's interaction with his client, strange and unusual behaviors were observed by counsel of his client, but the full extent of Mr. Proctor's impairment was yet to be recognized. During several follow-up meetings with Mr. Proctor, since the Detention hearing, counsel observed Mr. Proctor display significant short- and long-term memory loss. In November of 2018 Mr. Proctor's medical condition worsen significantly.

7.      On or about November 12, 2018, while in custody at the Jefferson County Detention Center, pending trial in this case, Mr. Proctor was taken by ambulance to the emergency room at St. Anthony's Hospital with seizure like activity. It was reported that while exercising he was witnessed to fall backward and strike with great force the back part of his head, the occiput. Following his fall, he remained at the hospital for several days and was then returned to custody at the jail. Since Mr. Proctor's return, defense counsel has observed a significant deterioration in his

client's condition. Upon initial contact Mr. Proctor did not know who his defense counsel was or why he was visiting him. He had no recollection of the charges he was facing. He could not tell his counsel the name of his wife/girlfriend. Serious questions regarding Mr. Proctor's competency developed.

II.  The Court should order a competency evaluation at this time.

6. The Constitution forbids the trial of a defendant who lacks mental competency. *Indiana v. Edwards,* 554 U.S. 164, 170 (2008). The Court may order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The test for competency to stand trial asks whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mackovich,* 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations omitted); *see also Drope v. Missouri,* 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Deshazer,* 554 F.3d 1281, 1286 (10th Cir. 2009).

7. Before holding a competency hearing, a "court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). For the purpose of conducting such an examination, the Court may commit the defendant to the custody of the Attorney General for a reasonably period, not to exceed 45 days, for placement in a suitable facility. 18 U.S.C. § 4247(b). Unless, impracticable, the examination is to be conducted in the suitable facility <u>closest to the court</u>. *See* 18 U.S.C. § 4247(b).

8. Any period of delay resulting from "any examinations, to determine the mental competency… of the defendant" are excluded from computation of time by which trial must commence under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally, "delay resulting from transportation of any defendant from another district… to and from places of examination" are excluded – but "any time consumed in excess of ten days… shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F); *see also United States v. Tinklenberg,* 563 U.S. 647 (2011) (upholding dismissal of case where transportation for competency took 20 days and Government provided no justification for excess time).

9. As discussed above, there is reasonable cause to believe that the defendant may be incompetent at this time. Therefore, the Court should order that Mr.

Proctor be evaluated for competency at this time. Additionally, in order to assure that the examination will be conducted at the suitable facility closest to the Court, by a previously qualified expert in the field of forensic psychology, Mr. Proctor requests that Dr. Karen V. Fukutaki be the competency evaluator.

Wherefore, the defense moves for an Order for Mr. Proctor to be evaluated to determine whether he is mentally competent to proceed, as that term is defined in 18 U.S.C. § 4241.

Respectfully submitted this 29th day of January 2019,

                                            Scott Poland
                                            ATTORNEY AT LAW
                                            BY: *s/Scott Poland*
                                            The Law Offices of Poland & Wheeler, PC
                                            215 S. Wadsworth Blvd., Suite 500
                                            Lakewood, CO 80226
                                            Phone 303-969-8300
                                            Fax 303-986-4857
                                            e-mail: scottpoland@qwestoffice.net

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29th, 2019 I electronically filed the foregoing **UNOPPOSED MOTION FOR EVALUATION OF COMPETENCY UNDER § 4241(b)** with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

Scott Poland
ATTORNEY AT LAW
BY: *s/Scott Poland*
The Law Offices of Poland & Wheeler, PC
215 S. Wadsworth Blvd., Suite 500
Lakewood, CO 80226
Phone 303-969-8300
Fax 303-986-4857
e-mail: scottpoland@qwestoffice.net